UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE OSCAR PEREZ,

    Petitioner,

v.                                                        Case No: 2:15-cv-742-FtM-38MRM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

    Respondents.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Petitioner Jose Oscar Perez's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254 constructively filed on November 13, 2015.[2] (Doc. 1, Petition). Perez, who is incarcerated within the Florida Department of Corrections, challenges his 2006 conviction and sentence entered by the Twentieth Judicial Circuit Court in and for Lee County, Florida for second degree murder with a firearm. (*Id.* at 1). Respondent, the Secretary of the Florida Department of Corrections, filed a limited response to the petition incorporating a motion to dismiss the petition as

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The Court notes the Petition does not contain a prison date stamp and was not received and filed by the Clerk until November 30, 2015. Absent evidence to the contrary, the Court is required to apply the "mailbox rule" and deem a prisoner's motion filed on the date that he signed, executed, and certifies that he delivered it to prison authorities for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

untimely filed. (Doc. 18). Petitioner elected not to file a reply to the limited response. (*See* Doc. 22). As discussed below, the Court concludes that additional briefing and evidence are required.

## Procedural History

Following a jury trial, Perez was adjudicated guilty and sentenced to twenty-five years in prison for Second Degree Murder with a Firearm on May 26, 2006. (Ex. 1).[3] Florida's Second District Court of Appeal affirmed Perez' sentence and conviction on August 10, 2007. *Perez v. State*, 954 So. 2d 744 (Fla. 2d DCA 2007). Perez did not petition the United States Supreme Court for certiorari review.

On April 24, 2008, Perez filed his first post-conviction motion, a state petition alleging ineffective assistance of appellate counsel, which was denied by the Second District Court of Appeal of Florida on June 25, 2008. *Perez v. State*, 985 So. 2d 540 (Fla. 2d DCA 2008). His motion for rehearing was denied on June 26, 2008. (Ex. 3).

On January 30, 2009, Perez filed a Florida Rule of Criminal Procedure 3.800(a) Motion to Correct Illegal Sentence, which was denied by the state post-conviction trial court. (Ex. 4). On August 14, 2009, the Second District Court of Appeal of Florida *per curiam* affirmed the denial of the motion, and mandate issued on September 10, 2009. *Perez v. State*, 15 So. 3d 589 (Fla. 2d DCA 2009) (Ex. 4).

On September 17, 2009, Perez filed a Florida Rule of Criminal Procedure 3.850 Motion for Post-Conviction Relief, that was dismissed as untimely by the post-conviction trial court. (Ex. 5). Upon appeal, the Second District Court of Appeal of Florida reversed finding that the Rule 3.850 motion was timely filed within two-years of the date mandate

---

[3] Citations to exhibits are to those filed by Respondent on October 14, 2016 (Doc. 21).

2

issued (October 15, 2007). (*Id.*). After remand and denial of the Rule 3.850 motion by the post-conviction court on November 4, 2010, Perez filed a petition for belated appeal with the Second District Court of Appeal on August 22, 2012. (Ex. 7). In his petition for belated appeal, Perez claimed that he did, in fact, deliver to correctional officials for mailing a copy of his notice of appeal on November 26, 2010. (*Id.*). The Second District Court of Appeal granted the belated appeal and reversed and remanded on ground 3 of the Rule 3.850 motion. (Ex. 6). After remand and evidentiary hearing, the post-conviction trial court denied ground 3 of the Rule 3,850 motion. (*Id.*).

On February 5, 2015, Perez filed a "Motion to Hear and Rule" referencing a Rule 3.800(a) motion that Perez claimed he filed on June 16, 2008, for which he had not yet received a ruling. (Ex. 8). Perez attached a copy of a "Motion to Correct Illegal Sentence" bearing a date-stamp indicating that the motion was "provided to Century CI on June 16, 2008 for mailing" with the initials "J.P." (*Id.*). The post-conviction court, noting that the motion was never received by the clerk of court, denied the motion on the merits on October 26, 2015. (*Id.*).

## Applicable Law and Analysis

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to the filing of a federal habeas petition by a person in custody pursuant to a state court judgment. This one-year limitation period begins to run from the latest of four triggering events:

> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In the present case, the appellate court entered its order of affirmance on direct appeal on August 10, 2007. Petitioner then had ninety days, or through November 8, 2007, to petition the United States Supreme Court for writ of certiorari. *See* Sup. Ct. R. 13(3).[4] In other words, Perez's judgment of conviction became final on November 8, 2007 for the purposes of § 2244(d)(1)(A), and he had through November 8, 2008 – absent any tolling – to file a federal habeas corpus petition. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (where petitioner elects not to seek direct review by the Supreme Court his judgment is not considered final until the time for seeking such review expires). The one-year AEDPA clock is "tolled during times in which a 'properly filed' application for state post-conviction relief is 'pending.'" *Green v. Sec'y, Dep't of Corr.*, 877 F.3d 1244, 1247 (11th Cir. 2017)(citations omitted); 28 U.S.C. § 2244(d)(2). Here, Perez permitted 168 days to run on the AEDPA clock until he filed his first post-conviction motion, a petition alleging ineffective assistance of appellate counsel, on April 24, 2008. (Ex. 3). This

---

[4] In pertinent part, Sup. Ct. R. 13(3) provides that "the time to file a petition for writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)."

4

petition was "properly filed" for the purposes of § 2244(d)(2) and was pending until June 26, 2008, when the rehearing was denied. *Perez v. State*, 985 So. 2d 540 (Fla. 2d DCA 2008). Petitioner then had 197 days left on the AEDPA clock, or until January 9, 2009, to file a timely petition for habeas corpus relief, unless the limitation period was further tolled.

Perez's Rule 3.800(a) motion, filed on January 30, 2009, does not toll the federal limitations period because the one-year federal limitations period concluded before Perez initiated this filing. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled). Perez claims that his Rule 3.800(a) motion, which was not received by the state court until February 2, 2015, when it was attached to Perez's "Motion to Hear and Rule," nonetheless tolls the federal limitation period because he placed the Rule 3.800(a) motion in the hands of prison officials for mailing on June 16, 2008. (Doc. 1 at 11). Further, Perez argues that this motion continued to toll the federal limitations period until October 23, 2015, when it was denied by the post-conviction court. (*Id.*). Respondent contends that Perez is not entitled to the benefit of the mailbox rule for this motion because Rule 3.800 motions can be brought at any time. (Doc. 18 at 6-7). Consequently, Respondent submits that statutory tolling is not applicable under the circumstances, and instead addresses whether Perez is entitled to equitable tolling to excuse his otherwise time-barred petition.

The Court concludes that the determinative issue as to whether the instant Petition is timely filed is whether Perez's Rule 3.800(a) motion was "properly filed" on June 16, 2008, despite it not being received by the state court until January 29, 2015. In

determining whether a state court pleading is "properly filed" for the purposes of § 2244(d)(2), the Court looks to the state's procedural rules. *Wade v. Battle*, 379 F.3d 1254, 1259-60 (11th Cir. 2004). The Supreme Court explains, "an application is '*properly filed*' when its delivery and acceptance follow the applicable laws and rules governing filings. *Artuz v Bennet*, 531 U.S. 4, 8 (2000) (emphasis in original). The mailbox rule applies in Florida to filings brought by *pro se* petitioners who are incarcerated. *Haag v. State*, 591 So.2d 614, 617 (Fla.1992) (adopting the rule of *Houston v. Lack*, 487 U.S. 266 (1988)). "Under the mailbox rule, a petition or notice of appeal filed by a *pro se* inmate is deemed filed at the moment in time when the inmate loses control over the document by entrusting its further delivery or processing to agents of the state. Usually, this point occurs when the inmate places the document in the hands of prison officials." *Haag* at 617 (citation omitted). The Eleventh Circuit determined that the principles of *Houston v. Lack* apply to *pro se* prisoner pleadings that are not received by a court. *Allen v. Culliver*, 471 F.3d 1196, 1198 (11th Cir. 2006).

However, "whether a prisoner ever delivered a legal filing to prison authorities is a question of fact." *Jeffries v. United States*, 748 F.3d 1310, 1313 (11th Cir. 2014). Unless evidence is presented to the contrary, the Court must assume that a prisoner delivered a legal filing to prison authorities on the date he signed it. *United States v. Glover*, 86 F.3d 1203, 1205 (11th Cir. 2012). Respondent bears the burden of proving the filing was delivered to prison authorities on a date other than the date the prisoner signed or that the filing was not delivered to prison authorities for mailing. *Jeffries*, 748 F.3d at 1314. Such evidence could include prison logs or records, or declarations regarding the prison mailing procedures. *See Natson v. U.S.*, 494 F. App'x 3 *5 (11th Cir. 2012). The mailbox

6

rule adopted in this Circuit does not require a showing of due diligence on the part of the prisoner, but the Court "may take into account any and all relevant circumstances, including any lack of diligence on the part of [the prisoner] in following up in a manner that would be expected of a reasonable person in his circumstances, in deciding whether the notice was delivered to prison authorities." *Allen*, 471 F.3d at 1198; see *also Stoot v. Cain*, 570 F.3d 669, 672 (5th Cir. 2009) ("A failure to inquire about a lost petition is strong evidence that the petition was, in fact, never sent).

Consequently, Respondent shall be provided an opportunity to submit additional evidence under oath or penalty of perjury as to whether the Rule 3.800(a) motion was delivered to prison officials on June 16, 2008.

Accordingly, it is now

**ORDERED:**

1. Within **THIRTY (30) DAYS** from the date of this Order, Respondent shall file an affidavit or affidavits under oath or under penalty of perjury in compliance with 28 U.S.C. § 1746, accompanied by relevant documentary evidence, as to the factual issues raised herein. The evidence may include prison mail logs and postage logs. Failure to provide such evidence within this time will result in a finding that the instant petition was timely filed.

2. If Respondent intends to concede that the instant petition was timely filed or cannot provide such evidence as required in paragraph one, within **SIXTY (60) DAYS** from the date of this Order, Respondent shall file a supplemental response addressing the merits of Petitioner's claims in compliance with the Court's April 18, 2016, Order.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of July 2018.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record