UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE OSCAR PEREZ,

    Petitioner,

v.                                                  Case No: 2:15-cv-742-FtM-38MRM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

    Respondents.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Petitioner Jose Oscar Perez's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254 (Doc. 1, Petition). Perez is incarcerated within the Florida Department of Corrections and challenges his 2006 conviction and sentence for second degree murder with a firearm after a jury trial held in the Twentieth Judicial Circuit Court in and for Lee County, Florida. (*Id.* at 1). Respondent, the Secretary of the Florida Department of Corrections, filed a response to the Petition on September 10, 2018 (Doc. 27, Response), after being unable to obtain evidence to refute Petitioner's contention that he mailed a rule 3.800(a) motion to the state court in June 16, 2008 that further tolled the federal limitations period until October 26, 2015, when the state post-

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

conviction court denied the motion on the merits.[2] Petitioner elected not to file a reply to the response. (*See* Doc. 29). Upon due consideration of the pleadings, the state court record, and applicable law the Court concludes that Petitioner is not entitled to habeas relief. Because the pertinent facts are fully developed in the record, an evidentiary hearing is not warranted. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing); *see also Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318-19 (11th Cir. 2016), cert. denied, __U.S. __, 137 S.Ct. 2245 (2017).

I. Applicable Law

A. Standard of Review Under AEDPA

Pursuant to the Antiterrorism Effective Death Penalty Act ("AEDPA"), federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants

---

[2] The procedural history of Petitioner's state court post-conviction filings is set out in detail in the Court's July 23, 2018 Order addressing Respondent's Limited Response seeking dismissal of the Petition as untimely. (*See* Doc. 29).

2

deference. *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008). Notably, a state court's violation of state law is not sufficient to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 16 (2010).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issued its decision. *White*, 134 S. Ct. at 1702; *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). That said, the Supreme Court has also explained that "the lack of a Supreme Court decision on nearly identical facts does not by itself mean that there is no clearly established federal law, since 'a general standard' from [the Supreme Court's] cases can supply such law." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1449 (2013) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). State courts "must reasonably apply the rules 'squarely established' by [the Supreme] Court's holdings to the facts of each case." *White*, 134 S. Ct. at 1706 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)).

Even if there is clearly established federal law on point, habeas relief is only appropriate if the state court decision was "contrary to, or an unreasonable application of," that federal law. 29 U.S.C. § 2254(d)(1). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme

Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 529 U.S. at 406). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "[T]his standard is difficult to meet because it was meant to be." *Sexton v. Beaudreaux*, 585 U.S. ___, 138 S.Ct. 2555, 2558 (2018) (*quoting Harrison*, 562 U.S. at 102, 131 S.Ct. at 786(quotation marks omitted) ).

Finally, when reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1*)*; *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.") (quoting *Wood v. Allen*, 558 U.S. 290, 293 (2010)).

B.  Ineffective Assistance of Counsel

In *Strickland v. Washington*, the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief claiming his counsel rendered ineffective assistance. 466 U.S. 668, 687-88 (1984). A petitioner must establish that

4

counsel's performance was deficient and fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. *Id.* This is a "doubly deferential" standard of review that gives both the state court and the petitioner's attorney the benefit of the doubt. *Burt*, 134 S. Ct. at 13 (citing *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011)).

The focus of inquiry under *Strickland*'s performance prong is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688-89. In reviewing counsel's performance, a court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Indeed, the petitioner bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable[.]" *Jones v. Campbell*, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," applying a "highly deferential" level of judicial scrutiny. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466 U.S. at 690).

As to the prejudice prong of the *Strickland* standard, Petitioner's burden to demonstrate prejudice is high. *Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002). Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

### C. Exhaustion and Procedural Default

AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of relief available under state law. Exhaustion of state remedies requires that the state prisoner "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]" *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998). In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if a petitioner has failed to exhaust state remedies and the state court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims). Finally, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman*, 501 U.S. at 750. If a petitioner attempts to raise a claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994).

Procedural default will be excused only in two narrow circumstances. First, a

petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999) (internal quotation marks omitted). To establish prejudice, a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

The second exception, known as the fundamental miscarriage of justice, only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "[t]o be credible, a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

II. Analysis

A. Ground I: Defense counsel was constitutionally ineffective for failing to properly object, or otherwise move for a mistrial when the State improperly shifted the burden of proof and commented on Petitioner's right to remain silent.

Petitioner contends that defense counsel failed to properly object or move for a mistrial when the State commented on Petitioner's right to remain silent, which denied

him of his right to preserve an otherwise reversible issue for appeal. Doc. 1 at 5. Petitioner raised this ground as Ground One in his Rule 3.850 motion. Ex. 5 at 10. The state post-conviction court summarily denied Petitioner relief on this Ground, Ex. 6 at 2-3, and the state appellate affirmed. Doc. 28-7. The Court finds this ground is exhausted for federal habeas purposes. In denying Petitioner relief, the state post-conviction court found as follows:

> As to Ground 1, Defendant argues that counsel was ineffective for failing to move for a mistrial. Defendant believes that, while counsel objected to the State's questioning of Defendant during cross examination on the basis that the questions improperly shifted the burden, and the trial court gave a curative instruction, counsel should have moved for a mistrial on this matter (T. 578-582). A ruling on a motion for a mistrial is within the sound discretion of the trial court and should be "granted only when it is necessary to ensure that the defendant · receives a fair trial." *Gore v. State*, 784 So.2d 418, 427-428 (Fla. 200-1), *citing Goodwin v. State*, 751 So.2d 537,547 (Fla.1999) (*quoting Cole v. State*, 701 So.2d 845,853 (Fla.1997)). Further, a harmless error analysis pursuant to *State v. DiGuilio*, 491 So.2d 1129 (Fla 19 86) is not necessary where, as here, the trial court recognized the error, sustained the objection, struck the question, and gave a curative instruction. *Id*. A motion for mistrial is only granted when an error is so prejudicial that it vitiates the entire trial. *Salazar v. State*, 991 So.2d 364 (Fla 2008). Here, Defendant was asked one question, to which he did not answer, and counsel immediately objected. The State did not ask further questions, nor did the State raise the issue during closing arguments. This was an isolated error, the question was struck, and a curative instruction was given. This error was not so prejudicial that it vitiated Defendant's entire trial, and the error did not rise to the level of a mistrial. Counsel had no basis on which to move for mistrial. Counsel cannot be deemed ineffective for failing to raise a meritless issue. *Teffeteller v. Dugger*, 734 So.2d 1009, 1023 (Fla. 1999). Defendant has failed to allege any facts that. if true, establish either prong of *Strickland*. Therefore, Ground 1 is DENIED.

Ex. 6 at 2-3.

In addition to raising the claim in his Rule 3.80 motion, appellant counsel on direct appeal argued that the trial court erred in denying Perez's motion for new trial after the prosecution asked a question that attempted to shift the burden of proof to the defense

through its improper cross-examination of the appellant. Doc. 28-4 at 21. After response from the State, Florida's Second District Court of Appeal affirmed Petitioner's judgment and sentence in a written opinion. *Perez v. State*, 964 So. 2d 744 (Fla. 2d DCA 2007). In rejecting this claim the appellate court found:

> Mr. Perez failed to preserve this issue for appeal; he did not move for a mistrial after the trial court sustained his objection to the question and gave a curative instruction. See *Sloan v. State,* 438 So.2d 888, 890 (Fla. 2d DCA 1983); *Newton v. S. Fla. Baptist Hosp.,* 614 So.2d 1195, 1196 (Fla. 2d DCA 1993). **We also conclude that no fundamental error occurred at trial.** See *Maddox v. State,* 760 So.2d 89, 95-96 (Fla.2000).

*Id.* (emphasis added).

In determining whether defense counsel was constitutionally deficient in failing to move for a mistrial, the Court is required to determine whether there is a reasonable probability of a different result had counsel moved for a mistrial. *Brewster v. Hetzel*, 913 F.3d 1042, 1052 (11th Cir. 2019). In a criminal proceeding in Florida a mistrial is appropriate only when the error committed was "so prejudicial as to vitiate the entire trial." *Lidiano v. State,* 967 So.2d 972, 979 (Fla. 3rd DCA 2007) *citing Duest v. State,* 462 So.2d 446, 448 (Fla.1985)). Admittedly, a prosecutor "must refrain from making burden-shifting arguments which suggest that the defendant has an obligation to produce any evidence or to prove innocence." *United States v. Simon,* 964 F.2d 1082, 1086 (11th Cir.1992). When such argument "permeates the entire atmosphere of the trial," reversal for prosecutorial misconduct is warranted. 964 F.2d at 1086 (internal quotation marks omitted). However, the prejudice from burden-shifting comments "can be cured by a court's instruction regarding the burden of proof." 964 F.2d at 1087. Here, the record reflects the following exchange took placed during the cross-examination of Perez by the prosecutor:

9

> Q. Mr. Perez, you've been waiting for a long time, since 2002, 2003 to have this trial?
>
> A. Yes.
>
> Q. During that time you and I have appeared in court before on this case; right?
>
> A. Yes.
>
> Q. And in fact, your dad has appeared in court for hearing as well; right?
>
> A. Yes.
>
> . . .
>
> Q. Today is the first day you mentioned the name Javier Avila?

Doc. 28-3 at 182-183. Contrary to Petitioner's claim, Defense counsel immediately objected to the question as the prosecution shifting the burden of proof, which implicated the defendant's right to remain silent and requested the court to give a curative instruction. *Id.* at 183-185. Consequently, Petitioner's assertion that counsel was deficient for failing to object is refuted by the record. Further, the records reflects that the trial court sustained the objection, struck the question, and instructed the jury to disregard the question since it was improper, noting "Okay, you'll disregard that last question. I know there wasn't even an answer. But the last question was improper. We have hearings all the time. That's not for testimony or matters like that. So that's just not a proper question and it shouldn't be asked." *Id.* at 185-186. The prosecutor did not refer to the question again at any time during the trial or during closing.

Even assuming the question was improper, it was an isolated remark that did not permeate the atmosphere of the proceeding. Here, the questioning by the prosecution was determined by both the appellate court and post-conviction trial court *no to be "*so prejudicial as to vitiate the entire trial." Significant here is the fact that there are qualifying

opinions under AEDPA from both the state post-conviction trial court and appellate court as to what would have happened had counsel moved for a mistrial. "It is a fundamental principle that state courts are the final arbiters of state law, and federal habeas court should not second-guess them on such matters." *Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) (where state courts opine as to outcome had defense counsel made objection, find that the objection would have been overruled, and find counsel therefore was not deficient for failing to move, federal habeas court "would have to conclude state court misinterpreted state law" to find differently); see also *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338 (11th Cir. 2005). Based upon a thorough review of the record and the applicable law, this Court concludes that the state courts' adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application thereof, and was not based on an unreasonable determination of the facts. Accordingly, Petitioner is not entitled to relief on Ground I.

> B. Ground II: Defense counsel was constitutionally ineffective for failing to object to improper and misleading instructions.

Petitioner claims counsel was ineffective when he failed to object to the jury instruction for manslaughter. Doc. 1 at 7. Petitioner contends that the instruction of the lesser included offense for manslaughter improperly required the jury to find Petitioner "*intended*" to kill the victim. *Id.* Petitioner states that he exhausted this claim in his Rule 3.850 motion which was denied by the post-conviction court and by the appellate court on December 11, 2013. *Id.* at 8-9.

Respondent argues that Ground II is unexhausted and procedurally barred. Doc. 27 at 18. Respondent points out that Petitioner in his post-conviction motion raised this claim as one of trial court error—not one of ineffectiveness of counsel. *Id.* More specially,

Petitioner contended that the trial court erred in giving the same instruction that the Florida Supreme Court had deemed flawed in *State v. Montgomery*, 39 So. 3d 252 (Fla. 2010). *Id.* A review of the record confirms that Petitioner did not raise this claim as a claim of ineffectiveness of counsel in his post-conviction motion but instead raised the claim as one of trial court error. See Ex.6 ay 6. Petitioner did not alert the state court to both the factual underpinnings of his claim and the legal theory of relief upon which he alleged error. *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1343-1344 (11th Cir. 2004) (exhaustion requires both the broad legal theory of recovery and specific factual contention that supports relief). Consequently, the Court finds Ground II recharacterized before this Court as a claim of ineffectiveness of trial counsel is unexhausted and procedurally barred. Petitioner did not file a reply and the Court otherwise finds no basis to excuse the procedural default. *See generally Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).

As a precaution, even if the Court considered Ground II, the claim is without merit. In denying Petitioner relief of his claim of trial court error the post-conviction court held:

> As to Ground 8, Defendant argues the trial court erred by improperly instructing the jury on the lesser included offense of manslaughter by act, preventing the jury from returning a verdict of manslaughter. Defendant cites *Montgomery v. State*, 35 Fla L. W. S204 (2010). This claim is refuted by the record. Unlike in Montgomery, the instruction given by the trial court in this case gave the jury options as to the elements of manslaughter. The jury could find either: (1) that Barros-Dias "intentionally caused the death" of the victim or (2) that the victim's death "was caused by the culpable negligence" of Barros-Dias. This additional instruction has recently been found sufficient to distinguish this case from M*ontgomery*. *Barros-Dias v. State*, 41 So.3d 370,372 (Fla 2d'DCA 2010). Here, the trial court gave both the instruction for manslaughter by act and manslaughter by culpable negligence (T. 668-669). Pursuant to the precedent of *Barros-Dias*, there was no error.

Exh. 6 at 8. The record reflects that the jury instruction for the lesser included offense of manslaughter gave the jury the option of finding Perez intentionally caused the death of Steven Gardner or that the death of Steven Gardner was caused by the culpable negligence of Perez. Doc. 28-3 at 237. Thus, the manslaughter instruction did not require the jury to find Perez intended to kill the victim but permitted the jury to find the victim's death was due to the negligence of Perez. Further, even if the Court construes the claim as an ineffective assistance of counsel claim, Petitioner cannot show that counsel was deficient since the instruction was not improper at the time of Petitioner's conviction.[3] *See e.g., Black v. U.S.*, 373 F.3d 1140, 1146 (11th Cir. 2004) (counsel cannot be deemed ineffective for failing to predict a change in law). Thus, in the alternative, Ground II is denied as refuted by the record and otherwise without merit.

C. Ground III: Defense counsel was constitutionally ineffective for failing to request a jury instruction on the limited use of evidence of prior felonies.

Respondent argues that this ground is unexhausted and procedurally barred because Petitioner did not raise this ground below in the state courts and it cannot now be raised. Doc. 27 at 23. Petitioner acknowledges that he did not raise this ground in any of his post-conviction motions. Doc.1 at 9-10. Petitioner urges that any failure to exhaust this claim is excused by the United States Supreme Court's decision in *Martinez*

---

[3] Petitioner's conviction was affirmed on October 15, 2007. The decision on which he relies, *State v. Montgomery*, 39 So.2d 252 (Fla. 2010) was not binding precedent until April 8, 2010, some three years after Petitioner's conviction. Consequently, counsel could not have objected based upon *Montgomery* at the time the jury was instructed.

*v. Ryan.*[4]  *Id.* 20-21.  Upon review of the record, the Court finds that Ground III is unexhausted and procedurally barred because it is not "substantial" and does not fall within *Martinez*' equitable exception to the procedural bar since Petitioner does not demonstrate prejudice under *Strickland*.

Essentially Petitioner argues that counsel should have moved for a limiting instruction as to his four prior felony conviction especially since the State "placed emphasis on Petitioner being a four-time convicted felon" during closing.  Doc. 1 at 8. Petitioner argues that had counsel requested and obtained a limiting jury instruction there is a reasonable probability that the jury would not have relied upon his prior convictions and he would have been acquitted.  *Id.*

A trial court is not required to provide a limiting instruction in the absence of a request for one.  *Lightfoot v. State,* 591 So.2d 305, 307 (Fla. 1st DCA 1991).  But, a trial court commits error when a limiting instruction is requested and the trial court refuses to give one.  *Varnadore v. State,* 626 So.2d 1386, 1386 (Fla. 5th DCA 1993).  Nonetheless, on balance, such an error is considered harmless where "the trial court gave the standard jury instructions at the close of all of the evidence" and where the defense counsel's

---

[4] In *Martinez v. Ryan*, 566 U.S. 1 (2012) the United State Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 17.  Under *Martinez*, a petitioner still must establish that his underlying ineffective assistance claim is "substantial" -- that it has "some merit" before the procedural default can be excused.  *Id.* at 14.

14

closing argument informed the jury the defendant's prior convictions were only to be considered in weighing the defendant's credibility. *Id.*

The Court can dispose of this ground on the prejudice prong of *Strickland*. There has been no showing that any of the jurors improperly used the testimony of the Defendant's prior felony convictions to arrive at a guilty verdict. In the absence of such a showing, the Court concludes the lack of a limiting instruction did not prejudice the Defendant. *See Murphy v. State,* 252 So.2d 385, 387 (Fla. 3d DCA 1971) (*per curiam*) (holding that, absent a showing of bias, jurors who might have been previously aware of defendant's prior conviction are still presumed to base their verdict on evidence presented at trial). Here, the prosecutor referred to Petitioner's prior felony convictions in rebuttal to the Defense's comments that Petitioner's testimony was "unimpeached." Doc. 28-6 at 281. The prosecutor pointed out that none of the State's witnesses (Jessica Thomas, Natalie Vance and Wanita Scott) had felony conviction and reminded them they would be instructed by the court in "Weighing the Evidence 3.9." *Ibid.* Moreover, the record reflects that the Court gave the standard jury instruction with regard to the Defendant testifying. At the close of evidence, the judge duly instructed the jury that the "case must be decided only upon the evidence" and that they "should apply the same rules of consideration of the defendant's testimony that you apply to the testimony of the other witnesses." Doc. 28-3 at 243-244. Without evidence to the contrary, "[t]he law presumes that the jury has followed all of the trial court's instructions." *Garzon v. State,* 939 So.2d 278, 285 (Fla. 4th DCA 2006); *cf. Hallford v. Culliver,* 459 F.3d 1193, 1204 (11th Cir. 2006) (*per curiam*) (finding trial court's instructions "plainly and correctly conveyed to the jury" the acts the

jury might consider in rendering its recommended sentence; "[f]ailure to request a limiting instruction, under the circumstances, was not ineffective.").

Further Petitioner's assertion that the jury would have acquitted him had a limiting instruction been given is purely speculative at best given the overwhelming evidence presented by the State of Petitioner's guilt. Perez admitted that he and the victim exchanged words, the conversation escalated, and the victim removed his shirt to fight, the victim was shot in front of him, but he was not the shooter. Doc. 28-3 at 171-173. Other witnesses who were present told the jury they heard the victim and Perez yelling, saw the victim take off his shirt, back up and throw up his hands and saw Perez pull out a gun and shoot the victim "a lot" "pow, pow, pow, pow." Doc. 28-2 at 107-110. The witness confirmed the gun was in Perez's hand. *Id*. The witness identified Petitioner in the courtroom as the shooter. Id. at 112-113. Another witness who was a friend of Petitioner testified that she overheard Petitioner talking on the phone the night of the murder telling the other person that he had "shot somebody" that night and needed to leave town. Doc. 28-2 at 161-163. Evidence was introduced, and Petitioner admitted that he left town after the shooting and went to Connecticut. Doc. 28-3 at 181.

Given the Petitioner has failed to meet the prejudice prong of the *Strickland* test, it is not necessary to determine whether the Petitioner has met the deficiency prong. Consequently, because Petitioner cannot show that the underlying claim is substantial the Court finds Claim III is unexhausted and procedurally barred.

### IV. Certificate of Appealability[5]

Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 335–36. Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition (Doc. 1) is **DENIED**, and this case is dismissed with prejudice.

2. Petitioner is **DENIED** a certificate of appealability and denied *in forma pauperis* status on appeal.

3. The Clerk of Court is directed to terminate any pending motions, enter judgment accordingly and close this case.

---

[5] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Id.* As this Court has determined that Petitioner is not entitled to habeas corpus relief, it must now consider whether Petitioner is entitled to a certificate of appealability.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of March 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record